**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Richard LEVI, aka Super Size,**
**Defendant—Appellant.**

No. 01–10375.

D.C. No. CR–00–00201–SOM.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2002.*

Decided Dec. 12, 2002.

Before SCHROEDER, Chief Judge,
ALARCON and FISHER, Circuit Judges.

courts of this circuit except as provided by 9th Cir. R. 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Appellant Richard Levi appeals the 240–month sentence he received for his conviction of possession with intent to distribute in excess of 50 grams of methamphetamine, in violation of 21 U.S.C. § 841. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Levi has waived his right to appeal his sentence. Even if we were to find his waiver invalid, his appeal would fail on the merits for the reasons set forth below.

This court's recent en banc opinion in *U.S. v. Buckland,* 289 F.3d 558, 563 (9th Cir.2002), *cert. denied,* — U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002), disposes of Levi's facial challenge to the constitutionality of § 841 generally and the 20–year mandatory minimum sentence of § 841(b)(1)(A) specifically, as *Buckland* upheld the facial constitutionality of § 841 against a similar challenge based on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

The seven-level career offender enhancement pursuant to U.S.S.G. § 4B1.1 did not violate the principles of *Apprendi. Apprendi* specifically exempts prior convictions from its reach. *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348. Moreover, *Apprendi* is triggered only when the imposed sentence exceeds the statutory maximum. Levi's 240–month sentence does not exceed § 841(b)(1)(A)'s statutory maximum of life in prison. *Apprendi* is therefore inapplicable.

The district court did not abuse its discretion in affirming the denial of Levi's motion under 18 U.S.C. § 3001A(e)(1) for an independent laboratory analysis of the drugs he pled guilty to possessing. Levi has not shown prejudice as a result of his inability to obtain a second lab test. He has offered no reason to doubt the results of the tests performed by the DEA lab. Moreover, even if a second lab test would have revealed that the drugs contained less than 80% methamphetamine, Levi still would have been subject to the 20–year mandatory minimum of § 841(b)(1)(A).

Accordingly, the sentence imposed by the district court is AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

